# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-CV-00441-FDW-DCK

| | |
|---|---|
| DARLY-MORGAN D. MAKABIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NOTICE |
| ) | |
| GS4 WACKENHUT, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court pursuant to Defendant G4S Secure Solutions (USA), Inc.'s[1] Motion to Dismiss (Doc. No. 10) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, wherein Defendant moves the Court to dismiss Plaintiff's Complaints[2] for lack of subject-matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v.

---

[1] In Defendant's Motion to Dismiss, Defendant notes Plaintiff incorrectly identified Defendant as both "G4S Wackenhut" and "GS4 Wackenhut" in Plaintiff's pre-consolidated Complaints, although Defendant apparently is commonly referred to as "Wackenhut". (Doc. No. 10 at n.1).

[2] The Court consolidated a similar suit filed by Plaintiff involving the same parties and related claims with the above-captioned matter by Order dated October 22, 2010. (3:10-cv-463-RJC-DCK, Doc. No. 7). Defendant was directed to enter a single set of responsive pleadings. (Doc. No. 9).

> Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768-69.

Additionally, in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is hereby advised that he has until **Monday, December 6, 2010** to file his response to Defendant's Motion in light of the above standards. Plaintiff's response must address both grounds for dismissal. Plaintiff's response must be served on Defendant and must include a certificate of service indicating the manner in which Plaintiff served Defendant. <u>Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, which is dismissal of Plaintiff's complaint.</u>

The Clerk is directed to send a copy of this Notice to Plaintiff at 4121-A Castleton Rd., Charlotte, NC, 28211, Plaintiff's address of record, and to counsel for the Defendant.

IT IS SO ORDERED.

Signed: November 15, 2010

Frank D. Whitney
United States District Judge