**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10-CV-00441-FDW-DCK**

| | |
|---|---|
| **DARLY-MORGAN D. MAKABIN,**       ) | |
| ) | |
|      **Plaintiff,**       ) | |
| ) | |
|      **vs.**       ) | **ORDER** |
| ) | |
| **G4S SECURE SOLUTIONS (USA), INC.,**       ) | |
| a/k/a GS4 Wackenhut,       ) | |
| ) | |
|      **Defendant.**       ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted. (Doc. No. 10). Specifically, Defendant argues that Plaintiff has failed to exhaust his administrative remedies and accordingly his claims for relief are procedurally barred. Plaintiff, who is proceeding *pro se*, filed two separate complaints on September 8 and on September 20, 2010, respectively. The Court consolidated both complaints into the instant action on October 22, 2010. (3:10-cv-463, Doc. No. 7). The Court issued Plaintiff a cautionary Roseboro Notice on November 15, 2010, warning Plaintiff of the burden he faces in confronting Defendant's Motion and informing Plaintiff of his responsibility to respond by December 6, 2010. (Doc. No. 13). On November 30, 2010, December 20, 2010, and again on January 12, 2011, Plaintiff moved for extensions of time to file his response. (Doc. No. 15, 17, 20). Magistrate Judge David Keesler granted each of Plaintiff's motions, finally ordering Plaintiff to respond by January 19, 2011. (Doc. No. 21). Plaintiff filed a timely response to Defendant's Motion on January 19, 2011, (Doc. No. 22) and on the same day moved to amend his response,

apparently because he was seeking counsel. (Doc. No. 23). Plaintiff also moved to amend his Complaint to add an unspecified claim for relief. (Doc. No. 24). Magistrate Judge Keesler denied Plaintiff's motion to amend his response, as well as Plaintiff's motion to amend his Complaint. (Doc. No. 32, 34).

Defendant's Motion to Dismiss has now been fully briefed and is ripe for disposition.[1] Because one of Plaintiff's Complaints is procedurally barred and the other fails to state a claim for relief, Defendant's Motion is GRANTED. Plaintiff's Complaints are therefore dismissed.

## I. BACKGROUND

On September 8, 2010, Plaintiff brought the instant action, civil case number 3:10-cv-441 ("Complaint I"), alleging racial, color, and national-origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. To this complaint, which was filed using a form available to *pro se* plaintiffs filing Title VII actions, Plaintiff attached an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination and Right-to-Sue Notice associated with charge number 430-2010-02012 ("Charge No. 2012"), which charged racial and national-origin discrimination and retaliation. A few weeks later, on September 20, 2010, Plaintiff filed a second complaint, civil case number 3:10-cv-463 ("Complaint II"), again using a Title VII complaint form, also alleging racial, color, and national-origin discrimination and what appears to be a conspiracy to commit discrimination or to deprive Plaintiff of his civil rights.[2] The second suit was based on

---

[1] Plaintiff has filed two additional "sur-responses" subsequent to Defendant's Reply Memorandum (Doc No. 28, 31) without first obtaining leave of the Court. In an abundance of caution, the Court has reviewed these documents and determined that, because they do not provide any new facts from which the Court may infer Defendant's liability, they will not be considered in addressing Defendant's Motion.

[2] After checking which discriminatory acts form the basis of the suit in § 5 of the complaint form, Plaintiff wrote "conspiracy" in the lines left for "other acts." (3:10-cv-463, Doc. No. 1 at 3).

a different EEOC Charge of Discrimination and Right-to-Sue Notice, charge number 430-2009-03325 ("Charge No. 3325"), which, like Charge No. 2012, also charged racial and national-origin discrimination, as well as retaliation.

The allegations of Complaint I and Complaint II are similar, though not identical. Starting in March 2006, Plaintiff was allegedly employed by Defendant as a security guard, assigned to one of several locations at which Defendant maintains security services contracts. In Complaint I, Plaintiff alleges that in August 2009, Defendant stopped scheduling Plaintiff to work at the job-site to which he had been assigned and denied Plaintiff's requests for a transfer to a new job-site. (Compl. I at 4). Plaintiff further alleges that he was discharged without reason in August 2009, allegedly due to Defendant's discriminatory conduct. (Id.) Plaintiff states in Charge No. 2012 he did not learn of the discharge until April 19, 2010, when an attorney with whom he had been consulting, but has not retained, informed him that he was discharged and had been receiving unemployment benefits since August 2009. (Compl. I at 7). Similarly, in Complaint II, Plaintiff again alleges that Defendant failed to assign him hours and failed to transfer him to a new job-site. (Compl. II at 4). Additionally, Plaintiff alleges a "conspiracy to be promoted and receive training and transfer requested" and "conspiracy to be transferred [*sic.*] and denia [*sic.*], not been given reason for such treatment [*sic.*]."

The EEOC issued Plaintiff Right-to-Sue Notices for both Charge No. 2012 and Charge No. 3325. In Charge No. 2012, supporting Complaint I, the EEOC dismissed Plaintiff's Charge of Discrimination as untimely, finding Plaintiff "waited too long after the date(s) of the alleged discrimination to file" his charge. (Compl. I at 9). The Right-to-Sue Notice was issued June 10, 2010. In Charge No. 3325, the EEOC issued a Right-to-Sue Notice on June 22, 2010, dismissing the Charge of Discrimination after the EEOC was "unable to conclude that the information obtained

establishes violations of the statutes." (Compl. II at 7). Upon receipt of the Right-to-Sue Notices, Plaintiff timely filed the Complaints giving rise to this action.

Defendant now moves to dismiss, arguing that Plaintiff's claims are procedurally barred for failure to exhaust his administrative remedies. Specifically, Defendant argues that Charge No. 2012, which was filed May 20, 2010, was untimely since Plaintiff was discharged in August 2009, nearly nine months prior to the charge and well after the 180-day period in which to file a charge with the EEOC had expired. See 42 U.S.C. § 2000e-(5)(e). Defendant also argues that Complaint II is barred because the EEOC issued a Right-to-Sue Notice in Charge No. 3325 on June 22, 2010, more than ninety (90) days prior to the date Complaint II was filed.[3] In the alternative, Defendant argues Plaintiff has failed to state a claim for relief.

## II. STANDARD OF REVIEW

Plaintiff has the burden of proving that this Court has subject matter jurisdiction over this lawsuit. See Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In Richmond, the Fourth Circuit recognized: "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." 945 F.2d at 768-69 (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553 (9th Cir. 1987)). "The moving party

---

[3] Defendant appears to conflate the two EEOC charges in its Memorandum in Support, confusing which charge relates to which complaint. (Doc. No. 11 at 7-8). Defendant argues that because the Right-to-Sue Notice was issued in Charge No. 2012 on June 10, 2010, and Plaintiff did not file Complaint II until September 20, 2010, a gap of more than 90 days, Complaint II is procedurally barred. In reality, Charge No. 2012 relates to Complaint I, which was filed on September 8, 2010, and is thus timely. Complaint II, the other hand, relates to Charge No. 3325, and was also timely filed with this Court. The Court will construe Defendant's argument to reflect that actual procedural posture of both Complaints.

should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted).

In order for this Court to have jurisdiction over a Title VII action, Plaintiff must first exhaust all administrative remedies before bringing a suit in federal court. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-01 (4th Cir. 2009); Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 138-40 (4th Cir. 1995). "Before a plaintiff may file suit under Title VII . . ., he is required to file a charge of discrimination with the EEOC." Jones, 551 F.3d at 300. A charge of discrimination filed with the EEOC is only sufficient if it is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." Id. (internal quotations and citations omitted). Importantly, the scope of the plaintiff's right to file a federal suit is limited by the contents of the EEOC charge so that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id. (citations omitted).

Furthermore, in reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to

state a claim for relief. Id.

### III. DISCUSSION

Title VII establishes two separate limitations periods. The first requires that a complainant must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory conduct (or 300 days if the alleged conduct is proscribed by state, instead of federal, law). § 2000e-5(e); see also Jones, 551 F.3d at 300. Second, after the EEOC has concluded its investigation and determines not to pursue the action, a plaintiff must file suit in the district court within ninety (90) days of issuance of the right-to-sue notice. § 2000e-5(f).

The failure of a complainant to file an administrative charge of discrimination with the EEOC within the prescribed time does not, by itself, create a bar to a district court's jurisdiction to consider the case. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Instead, the 180-day period functions as a statute of limitations, "subject to waiver, estoppel, and equitable tolling." Id. The Court will thus consider Defendant's limitations challenges under Rule 12(b)(6), not Rule 12(b)(1). See, e.g., Smith-Haynie v. Dist. of Columbia, 155 F.3d 575, 577 (D.C. Cir. 1998) (noting a statute of limitations defense under Title VII is properly considered under Rule 12(b)(6)). Although the Court is limited by the "Four Corners Rule" under Rule 12(b)(6), it may still consider attachments to Plaintiff's Complaint, including Plaintiff's EEOC filing, in ruling on the merits of Defendant's statute of limitations defense. See CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009).

Because Defendant has properly asserted its statute of limitations defense as it relates to Charge No. 2012 (and Complaint I), Plaintiff's claims of discrimination arising out of Charge No. 2012 are actionable only if the alleged discrete discriminatory conduct occurred within 180 days of filing a charge of discrimination with the EEOC and the doctrine of equitable tolling does not

compel the period to be tolled.  See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002).

Complaint I is, in fact, time-barred.  As an initial matter, the EEOC itself determined that Charge No. 2012, filed on May 20, 2010, was not timely.  (3:10-cv-441, Doc. No. 1 at 9).  Plaintiff alleges in his EEOC filing that in August 2009 Defendant refused to give Plaintiff job assignments and transfers to different job-sites and that he learned in April 2010 that he was terminated sometime in August 2009.  Plaintiff may only recover for "discrete acts that 'occurred' within the appropriate time period."  Id. at 115.  Each of the discriminatory acts complained of in Complaint I and Charge No. 2012–refusal to assign work, denial of transfer, and ultimately discharge–all occurred in August 2009, at least 262 days before Plaintiff filed Charge No. 2012 with the EEOC.

That Plaintiff seems to allege that he did not have knowledge of his discharge until April 19, 2010, does nothing to save Complaint I.  Although the Supreme Court has not settled the question of whether a discrete discriminatory act can be said to "occur" on the actual injury or when the injury should reasonably have been discovered, id. at 114 n. 7, this is clearly a case where Plaintiff should have reasonably been aware of the August 2009 discriminatory acts, including discharge.  In his EEOC filing, Plaintiff admits receiving unemployment benefits since August 2009.  (3:10-cv-441, Doc. No. 1 at 7).  Even stretching the bounds of credulity and giving Plaintiff the benefit of the doubt that he did not know that the payments he was receiving were from unemployment insurance, the mere fact that Plaintiff had presumably not attended work since August 2009 should have put him on reasonable notice of an actionable employment injury, either in the form of actual or constructive discharge.

Nor is Plaintiff entitled to equitable tolling, also known as equitable estoppel, to toll the administrative filing period.  Equitable tolling provisions are only available where "'the employee's

failure to file in [a] timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his [EEOC] charge.'" Barbier v. Durham Cnty Bd. of Educ., 224 F. Supp. 2d 617, 624 (M.D.N.C. 2007) (quoting Price v. Litton Bus. Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982)). There is simply no evidence from which the Court could infer that Defendant interfered with Plaintiff in filing Charge No. 2012 in any way. Accordingly, Complaint I, relating to Charge No. 2012, is untimely and is DISMISSED.[4]

Defendant's jurisdictional challenge to Complaint II and Charge No. 3325, on the other hand, fails as a matter of law and fact. Like the failure to file an administrative charge of discrimination within 180 days, the failure to file a complaint in the district court within ninety days of the issuance of a right-to-sue notice is not a jurisdictional defect but rather a condition precedent appropriately raised as an affirmative defense. See, e.g., Mitchell v. Chapman, 343 F.3d 811, 821 n. 10 (6th Cir. 2003) (noting "[i]t is well-settled that the ninety day right to sue provision is an administrative condition precedent, rather than a jurisdictional precedent" and should be considered under Rule 12(b)(6)). Furthermore, Complaint II–filed September 20, 2010–was actually within ninety days of the EEOC issuing a Right-to-Sue Notice for Charge No. 3325 on June 22, 2010, and was thus timely.

Complaint II, however, fails to state a claim upon which relief can be granted. Absent direct

---

[4] The fact that Charge No. 3325 was still pending when Plaintiff filed Charge No. 2012 also cannot save Complaint I. As the Supreme Court noted in Morgan, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." 536 U.S. at 113. Thus, while the Court may consider the discriminatory conduct giving rise to Charge No. 3325, which includes some conduct also alleged in Charge No. 2012, the untimely allegations in Charge No. 2012 (termination and retaliation) are foreclosed. See id.

evidence of discrimination, of which Plaintiff has presented none, in order to survive a Rule 12(b)(6) motion, Plaintiff's complaint must contain sufficient factual allegations to make out a prima facie case of Title VII discrimination: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." E.g., Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). For Plaintiff to recover, the discriminatory conduct must be "but-for" his race or national origin. See Wrightson v. Pizza Hut of America, Inc., 99 F.3d 138, 142 (4th Cir. 1996) (citing PriceWaterhouse v. Hopkins, 490 U.S. 228 (1989); Fuller v. Phipps, 67 F.3d 1137, 1144 (4th Cir. 1995)).

In support of Plaintiff's claims of discrimination, Plaintiff alleges Defendant's agents engaged in a conspiracy to prevent Plaintiff from being promoted or receiving a requested transfer and that he was not assigned work starting July 13, 2009. Plaintiff's allegations of conspiracy and that Defendant's refusal to transfer was based on his race and/or national origin are wholly unsupported by any factual allegations that would establish the plausibility of Plaintiff's claim for relief. See id. at 190-91; Iqbal, 129 S. Ct. at 1949. Instead, Plaintiff only alleges that his request for transfer was denied without reason and that he is "aware that there were sites and other offices that needed security officers." (3:10-cv-463, Doc. No. 1 at 8). However, Defendant's failure to provide Plaintiff with a reason for a given employment action coupled with Plaintiff's naked conclusory allegation of discrimination is insufficient to state a claim for relief. On the facts alleged, the Court is unable to infer that Defendant's conduct was "but-for" Plaintiff's race or national origin. Furthermore, although Plaintiff checked the box for "retaliation" in Charge No. 3325, there are no facts alleged, either in the administrative charge or Complaint II, that indicates any retaliatory conduct occurred. Accordingly, Complaint II is also DISMISSED.

## IV. CONCLUSION

IT IS THEREFORE ORDERED, for the foregoing reasons, that Defendant's Motion to Dismiss is GRANTED. Complaints I and II are hereby DISMISSED.

The Clerk is directed to send a copy of this order to *pro se* Plaintiff at PO Box 11823, Charlotte, NC 28220, which is his address of record and to counsel for Defendant.

IT IS SO ORDERED.

Signed: March 11, 2011

Frank D. Whitney
United States District Judge